UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:15-00065 |
| | ) | Judge Sharp |
| | ) | |
| DESHON BURLESON | ) | |

## MEMORANDUM

Pending before the Court are Defendant Deshon Burleson's Motion to Dismiss (Docket No. 73) and his Motion for Bill of Particulars (Docket No. 75). The Court considers those Motions in turn.

### I. Motion to Dismiss

This is Defendant's third request for dismissal under the Speedy Trial Act. His first two attempts were denied by Order (Docket No. 72) entered on June 1, 2016. In an accompanying Memorandum, the Court found that "43 speedy trial days elapsed between Defendant's initial appearance and the filing of his first Motion to Dismiss: July 18 to August 15 for a period of 29 days, and from August 19 to August 31, for a period of 14 days." (Docket No. 71 at 11). The matter was then set for trial on August 23, 2016, the next available trial date.

Nothing more was heard from Defendant until July 28, 2016, when he once again moved to dismiss. This time the basis for his request is that the speedy trial clock again began to run on June 2, 2016, the day after the Court issued its ruling and that, when Defendant chose to emerge from the weeds, 57 additional days had elapsed, meaning that more than 100 total days were countable under the Speedy Trial Act.

1

"The Speedy Trial Act requires that in any case in which the defendant has not entered a guilty plea, trial must commence within 70 days of the filing of the indictment or the date of defendant's arraignment, whichever occurs later." United States v. Brown, 819 F.3d 800, 809 (6th Cir. 2016) (citing 18 U.S.C. § 3161(c)(1)). "The Act also includes a list of delays that must be excluded from the 70–day period." Id. (citing 18 U.S.C. § 3161(h)).

It is regrettable that this type of gamesmanship is sometimes rewarded. However, and as this Court pointed out in its prior ruling, "a defendant may establish a prima facie case that the government has violated the Act by showing that he was not brought to trial within the seventy-day period." United States v. Gardner, 488 F.3d 700, 717 (6th Cir. 2007). "Once the defendant establishes that prima facie case, the government has the burden of showing that, after taking into account time excludable from the seventy-day period, the defendant was brought to trial during the statutorily mandated period." Id.

Here, there was no excludable time between the issuance of this Court's Order and Memorandum and Defendant's Third Motion to Dismiss and thus there was a Speedy Trial Act violation. That said, however, Defendant is not entitled to dismissal of the entire Superseding Indictment as he requests. As the Government points out in its reply brief,

> the superseding indictment was returned on January 6, 2016 (DE 54), and the defendant waived his right to personal appearance at the arraignment on January 19, 2016. No time was countable as to the new charges in that superseding indictment until June 2, 2016, the day after the Court entered its order on the motions to dismiss which were pending throughout that entire time. 18 U.S.C. §3161(h)(1)(D). Since the defendant's instant motion was filed on July 28, 2016, only 55 days of countable time will have elapsed on the new charges contained in that superseding indictment (i.e., Counts Two through Five) until the time this Court enters its decision on the instant motion to dismiss.

(Docket No. 74 at 3).

2

Nor is Defendant entitled to dismissal of Count One with prejudice. "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). Although conclusorily asserting that this case should be dismissed with prejudice, Defendant neglects to address any of the relevant factors, all three of which favor dismissal without prejudice.

Defendant is charged in Count One with being a felon in possession of a firearm. This is a serious offense. United States v. Carnes, 309 F.3d 950, 957 (6th Cir. 2002); see also United States v. Tinklenberg, 579 F.3d 589, 600 (6th Cir. 2009) (citing Carnes for the proposition that "[t]his Court has previously held that . . . being a felon in possession of a firearm, is a serious offense favoring dismissal without prejudice"). Moreover, "the seriousness of an offense can also be measured by taking into account the statutory penalties imposed by Congress." United States v. Houston, 2013 WL 4049606, at *4 (E.D. Tenn. Aug. 9, 2013); see United States v. Robinson, 389 F.3d 582, 588 (6th Cir. 2004) (stating that court can look to statutory penalties in assessing seriousness). A felon in possession charge is exponentially more serious for a defendant with three or more qualifying felony convictions – the range of imprisonment is 15 years to life. 18 U.S.C.§ 924(e)(1).

Turning to the circumstances that led to the delay, the ultimately responsibility must be borne by the Court because, in light of crammed and multiple trial settings, it inadvertently calendared the trial too far out. But the reasons for the overall delay in this case cannot be confined to the Court; Defendant bears a good deal of responsibility as well. As this Court pointed out in its prior ruling:

> [T]he record reflects that much of the delay was due to Defendant . . . (1) Defendant thrice moved for a continuance of the detention hearing or portions thereof, only to withdraw his request for pretrial release; (2) moved to extend the deadline for filing

3

> pretrial motions to September 1, 2015; (3) filed the first Motion to Dismiss on the day of the new pretrial motion deadline; and (4) moved to stay the proceedings until a ruling on that motion could be made. The requested extensions were granted based of such things as counsel's contention that the case was "fact intensive"; "the alleged conduct involves numerous individuals"; "a number of documents, records, and other pertinent information" needed to be gathered; and counsel simply needed more time to investigate the case. (Docket No. 35 at 3-4).

(Docket No. 71 at 3).

The third and final factor is the impact of the reprosecution on the administration of justice. "The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay . . . and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." Howard, 218 F.3d at 556, 562 (6th Cir. 2000). Neither of these consideration warrant dismissal with prejudice.

Turning to the latter prong first, this Court previously found "there is nothing to suggest that the government acted in bad faith, for tactical advantage, or to harass." (Id. at 3). Defendant has offered nothing to draw that finding into question.

As for prejudice, the Supreme Court has observed that

> inordinate delay between public charge and trial, . . . wholly aside from possible prejudice to a defense on the merits, may "seriously interfere with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends."

United States v. Taylor, 487 U.S. 326, 340 (1988) (quoting Barker v. Wingo, 407 U.S. 514, 537 (1972)). Still, "[p]retrial delay is often both inevitable and wholly justifiable." Doggett v. United States, 505 U.S. 647, 657 (1992).

Here, Defendant has been incarcerated for a lengthy period of time, but it cannot be forgotten

4

that many of those months were spent in state custody. Moreover, Defendant chose to withdraw his request for pretrial release after several extensions of time were granted, supposedly to secure evidence.

Further, the specific delay caused by the failure to set the trial within 27 days of this Court's June 1, 2016 Order is not inordinate. See United States v. Moss, 217 F.3d 426, 431 (6th Cir. 2000) (citing Sixth Amendment cases in the Speedy Trial Act context for the proposition that "ten month delay . . . was approaching the point of being presumptively prejudicial"); see also Howard, 218 F.3d at 564 ("a delay of five months is not per se excessive under the Sixth Amendment"); United States v. White, 985 F.2d 271, 275 (6th Cir. 1993) (six-and-one-half month delay does not rise to the level of constitutional violation). And, Defendant has not shown how the delay prejudiced any defense he may have.

The Speedy Trial "Act does not require dismissal with prejudice for every violation," Taylor, 487 U.S. at 342, and the violation here does not warrant that sanction. Defendant knew the date of his trial on June 1, 2016, but strategically chose to remain mute until the speedy trial clock ran out. Although his silence will be rewarded, it will not be in the form of dismissal with prejudice. See United States v. Toombs, 713 F.3d 1273, 1281 (10th Cir. 2013) (citation omitted) ("'[W]hile the court and the government are each partly responsible for effectuating a defendant's right to a speedy trial, a defendant that lets the time run without asserting his rights under the Act has less of a claim to a dismissal with prejudice than a defendant who makes a timely assertion, but is unheeded.'"). The dismissal of Count One without prejudice is "not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." Id.

## II. **Motion for Bill of Particulars**

Under Rule 7 of the Federal Rules of Criminal Procedure, "[t]he court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "The function of a bill of particulars is to 'to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004) (quoting United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993)). "A bill of particulars 'is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial.'" Id.

"The decision whether to grant a motion for a bill of particulars lies within the district court's discretion[.]" United States v. Robinson, 390 F.3d 853, 867 (6th Cir. 2004). This court will exercise that discretion by denying Defendant's request.

Though couched as a Motion for a Bill of Particulars, Defendant's Motion reads more like interrogatory requests in a civil case. He requests:

a) The factual basis for Mr. Burleson's attempted interference with commerce;

b) The actual date of the crime alleged in Count Two;

c) Where the attempted crime alleged in Count Two occurred;

d) Who was present and witnessed the crime in Count Two;

e) The identity of Individual A as alleged in Count Two, including: name, birth date, social security number, last known address;

f) Known identity of witnesses to Count Two, including: name, birth date, social security number, last known address;

g) The identity of Individual A as alleged in Count Four, including: name, birth date, social security number, last known address;

h) The identity of others as alleged in Count Four, including: name, birth date, social

>    security number, last known address;
>
>    I) What date did defendant use, carry and brandish a firearm as alleged in Count Three;
>
>    j) What firearm or type of firearm did defendant use, carry and brandish as alleged in Count Three;
>
>    k) What firearm or type of firearm did defendant use, carry and brandish as alleged in Count Five.

(Docket No. 75 at 3-4).

"[T]he test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." United States v. Musick, 291 F. App'x 706, 724 (6th Cir. 2008). "The bill of particulars is not intended as 'a means of learning the government's evidence and theories,'" nor is its purpose "to discover all of the overt acts that might be proven at trial." Id. This is precisely the nature of Defendant's request.

Moreover, Defendant's Motion is brought pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. While Defendant cites that Rule and quotes the Advisory Committee Notes to the 1966 Amendments, he ignores the provision that "the defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f).

Here, the Superseding Indictment was returned on January 6, 2016, and Defendant filed a written Waiver of Personal Appearance at Arraignment and Entry of Plea of Not Guilty on January 15, 2016. In that document, Defendant acknowledged his "[u]nderstand[ing] that entry by the Court of this plea will conclude the arraignment in this case for all purposes, including the Speedy Trial Act, 18 U.S.C.§ 3161, and § 12d of Part II of the Speedy Trial Plan for this District and Local Criminal Rule 12.01(b) and 16.01(a)." (Docket No. 61 at 1). On January 19, 2016, Magistrate Judge

7

Bryant accepted Defendant's written plea of not guilty, noting that "this date shall be the date of arraignment of Defendant." (Id.). Instead of filing his Motion for Bill of Particulars within 14 days of that date – or within 28 days in accordance with this Court's Local Criminal Rule 12.01(b), which provides that "[a]ll pretrial motions, except motions regarding discovery under Fed. R. Crim. P. 16 or Local Criminal Rule 16.01(a)(2), shall be filed within twenty-eight (28) days of arraignment, absent leave of Court" – he waited until August 10, 2016, just three business days before the final pretrial conference, and nine business days before the scheduled trial case. The fact that Defendant moved for and was granted a stay pending the outcome of his first two Motions to Dismiss does not excuse his delay because the Court issued its ruling on June 1, 2016, yet Defendant did not file his Motion for Bill of Particulars until some 70 days later.

>Further, in his Motion, Defendant asserts:

> 8.    In February 2016 undersigned counsel requested what discovery existed to support the four additional counts in the Superseding Indictment. In response, counsel received a metro incident report of a previously adjudicated state case (See, Attachment 1). The date of the report is November 10, 2014 and relates to a previously adjudicated state case occurring on that date. Other than this redacted report, the government has provided nothing to evidence the charges alleged in Count Two through Count Five of the Superseding Indictment.

(Docket No. 75 at 2-3). Insofar as Defendant is complaining about the lack of discovery, he has failed to comply with this Court's Local Criminal Rule that provides:

> (a) Motions. Reference is made to the Speedy Trial Plan adopted by this Court and made an Appendix to these Rules. The procedures specified therein shall be followed, except as otherwise provided in these Rules or order of the Court. In addition, no discovery motion . . . shall be filed in any criminal case unless accompanied by a written statement of counsel certifying that counsel for the moving party . . . has conferred with opposing counsel . . . in an effort in good faith to resolve by agreement the subject matter of the motion, but has not been able to do so.

L. Crim. R. 12.01(b).

### III. Conclusion

For the foregoing reasons, Defendant's "Third Motion to Dismiss" will be granted with respect to Count One of the Superseding Indictment and that count will be dismissed without prejudice. Counts Two through Five of the Superseding Indictment will be tried before a jury commencing at 9:00 a.m. on August 23, 2016.

Defendant's Motion for a Bill of Particulars will be denied.

An appropriate Order will enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE